CARLO, PLAINTIFF AND APPELLEE, *v.* ST. PAUL FIRE & MARINE INSURANCE CO., DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action of Debt.—Motion for Dismissal of the Appeal.

No. 2924.—Decided February 12, 1923.

APPEAL—TRANSCRIPT OF RECORD—MOTION TO DISMISS—DISCRETION OF COURT.—In an appeal the only jurisdictional period is the time allowed for taking the appeal. After the appeal has been taken all the other periods are subject to the discretion of the court and it may extend or, in extreme cases, even substitute them by new periods. But the discretion of the court is not arbitrary, and the appellant in this case not having shown that a good cause prevented him from filing the transcript in time or asking for an extension, the appeal should be dismissed, inasmuch as the transcript was filed after the appellant had notice of the motion for dismissal.

The facts are stated in the opinion.

*Messrs. H. G. Molina* and *L. Toro Cabañas* for the appellant.

*Mr. A. A. Vazquez* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The appellee moves for dismissal of the appeal on the ground that the transcript was not filed within the time allowed by law, and it appears that this is a fact. On October 17, 1922, the District Court of Mayagüez rendered final judgment in the case and on November 16th the defendant appealed. There is no bill of exceptions or transcript of the evidence. On December 20, 1922, the appellee filed his motion for dismissal of the appeal and notice of the motion was given to the appellant on the same day. The appellant did not file the transcript of the record until December 28, 1922, or more than ten days after the expiration of the time allowed by law and eight days after notice of the motion for dismissal.

This statement of the facts would suffice to justify the dismissal of the appeal, in accordance with the law and the constant practice of this court, but the court is required to consider a motion of the appellant alleging that in this case there are circumstances, enumerating them, which in his opinion justify this court in exercising its inherent power and the power conferred upon it by section 140 of the Code of Civil Procedure to permit the filing of the transcript after the expiration of the time allowed by law.

The period of thirty days allowed for filing the transcript of the record was first fixed by the rules of this court and later the Legislature converted the rule into a law.

The rules of this court expressly prescribe that it is a good defense that the transcript has been filed when notice of the motion for dismissal is given, although it was filed out of time, but that is not the case here. This being so, it would be necessary to show the existence of really extraordinary circumstances in order that this court would be justified in sustaining the appellant's motion.

In an appeal the only jurisdictional period is the time

allowed for taking the appeal.   After the appeal has been taken all of the other periods are subject to the discretion of the court, and it may extend them or, in extreme cases, even substitute them by new periods.   But the discretion of the court is not arbitrary, and the appellant in this case has not shown that a good cause prevented him from filing the transcript in time or from moving for an extension of the time allowed therefor by law.

Although the attorney who conducted the case returned from the Continent on the day before the time within which to appeal expired, the appeal was taken in time.   There was no default in this step.   After the appeal was taken the law allowed the appellant thirty days within which to file the transcript in the Supreme Court, and that time could be extended.   The fact that the said attorney resides in San Juan and the judgment was rendered in Mayagüez does not favor him.   Attorneys who accept cases outside of the dis-trict where they reside have no privileges, as this court has held.   If the Mayagüez attorney to whom his colleague of San Juan entrusted the matter had received full instruc-tions he should have followed them, and if he failed to do so the San Juan attorney is responsible for such failure.

The motion by the appellee must be sustained.

*Appeal dismissed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto con-curred.